# EXHIBIT A

# EXHIBIT A

STATE OF NEW YORK                                         SUMMONS
SUPREME COURT: COUNTY OF TIOGA

———————————————————————                 Index No.:   45789

JOHN GYLLENHAMMER and
DENISE GYLLENHAMMER                                       Plaintiffs designate
                                                         Tioga County as the
                        Plaintiffs,                      place of trial.

        vs.                                              The basis of venue is
                                                         Plaintiffs' place of
THE AMERICAN NATIONAL RED CROSS                          residence.

                        Defendant.        **FILED**

———————————————————————                 JUN 17 2015

                                          TIOGA CO. CLERK'S OFFICE
                                            OWEGO, NEW YORK
TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiffs' attorney within twenty (20) days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the complaint.


Dated:  Binghamton, NY                THE LAW OFFICE OF ALFRED PANICCIA, JR.
        June 16, 2015

                                      By: _____
                                          ALFRED PANICCIA, JR., ESQ.
                                          Attorneys for Plaintiffs
                                          Office and P.O. Address:
                                          Centre Plaza, Suite 400
                                          53 Chenango Street
                                          Binghamton, NY 13901
                                          Telephone:  607-724-2385

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF TIOGA

———————————————————

JOHN GYLLENHAMMER and
DENISE GYLLENHAMMER

                              Plaintiffs,

vs.

THE AMERICAN NATIONAL RED CROSS

                              Defendant.

———————————————————

COMPLAINT

Index No.:     **45789**

**FILED**

JUN 1 7 2015

TIOGA CO. CLERK'S OFFICE
OWEGO, NEW YORK

The plaintiffs, John Gyllenhammer and Denise Gyllenhammer, by and through their

attorney, The Law Office of Alfred Paniccia, Jr., complain of the defendant as follows:

1.        Plaintiffs are now and were at all times mentioned herein residents of the Town

of Owego, County of Tioga, New York.

2.        At all times mentioned herein, plaintiffs John Gyllenhammer and Denise

Gyllenhammer were, and remain, husband and wife.

3.        Upon information and belief, defendant The American National Red Cross was at

all times mentioned herein, and remains, a federally chartered instrumentality of the United

States and a body corporate and politic in the District of Columbia, with a principal place of

business in the Village of Endicott, Town of Union, Broome County, New York.

4.        Upon information and belief, defendant was at all times mentioned herein, and

remains, the owner of land located at 620-624 East Main Street in the Village of Endicott, Town

of Union, Broome County, New York, upon which there is situated a building used by defendant,

in whole or in part, as offices for its corporate purposes; said land hereinafter referred to as the

-1-

"subject premises".

5.      Upon information and belief, beginning on or before June 27, 2012, defendant undertook alterations, repairs,  and other improvements to the building located at the subject premises.

6.      Upon information and belief, on or before June 27, 2012, in furtherance of said alterations, repairs and other improvements to the building located upon the subject premises, defendant entered into an agreement with Auchinachie Plumbing LTD, or an affiliated company (hereinafter "Auchinachie"), for heating, ventilating, air conditioning ("HVAC") and other mechanical alterations and/or repairs to said building, and Auchinachie undertook that work.

7.      Defendant continued to occupy the building while Auchinachie engaged in its work.

8.      On June 27, 2012, plaintiff John Gyllenhammer was lawfully upon the subject premises, employed by Auchinachie as a plumber, HVAC and water conditioning technician, engaged in the alterations, repairs and other improvements to the aforementioned building.

9.      On that date, while in the course of his employment, plaintiff John Gyllenhammer was working in one of several offices in the building, installing a wall-mounted sensor which replaced a thermostat at the same location on the wall of that office.

10.      Access to the location where the sensor was to be installed was blocked by a hutch mounted to the top of a desk; the desk and hutch were located along the wall where the installation was to be made.

11.      Upon information and belief, the hutch and the desk were in use by the occupant

-2-

of the office, but the occupant was not present at the time plaintiff John Gyllenhammer was working in that office.

12.     To access the location on the wall where the sensor was to be installed, it was necessary for plaintiff John Gyllenhammer to reach over the top of the hutch and then reach down behind the hutch.

13.     To make that reach, plaintiff John Gyllenhammer was required to stand on an A-frame ladder placed alongside the desk and hutch, and then reach over and behind the hutch.

14.     The contents and dimensions of the office prevented the ladder from being opened, and instead the ladder was leaned against the vertical surface.

15.     As plaintiff John Gyllenhammer was so engaged in his work, the ladder shifted unexpectedly, causing plaintiff John Gyllenhammer to lose his balance and fall to the floor.

16.     As a result of the fall, plaintiff John Gyllenhammer sustained injuries to his left knee and left shoulder, which injuries are permanent.

17.     As a result of said fall and the injuries caused by said fall, plaintiff John Gyllenhammer has been prevented and, upon information and belief, will be prevented permanently from continuing his employment as a plumber, HVAC and water conditioning technician, and from engaging in other activities in which he regularly engaged.

18.     As a result of said fall, plaintiff John Gyllenhammer has experienced a loss of wages and will continue to experience a loss of wages, has incurred expenses for medical goods and services, and will continue to incur expenses for medical goods and services, has experienced pain and suffering and a diminution in the quality of life, and will continue to

-3-

experience pain and suffering and a diminution in the quality of life.

19.    The amount which plaintiffs seek as damages for their losses exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

20.    Upon information and belief, this action falls within one or more of the exemptions set forth in Sections 1601(1) or 1602 of the CPLR.

FOR AND AS A FIRST CAUSE OF ACTION:

21.    Plaintiffs repeat each and every allegation contained in Paragraphs "1" through "20" above as if fully set forth herein.

22.    Defendant failed to furnish and erect for the performance of the work plaintiff John Gyllenhammer was engaged in at the time and place referred to above, devices as to give proper protection to persons so employed, all in violation of Section 240(1) of the Labor Law of the State of New York.

23.    The above-referenced fall was caused by said failure on the part of defendant.

24.    As a result of said failure on the part of defendant, plaintiff John Gyllenhammer has suffered the injuries referred to above and has experienced and will continue to experience a loss of wages, medical expenses, and pain and suffering and a diminution in the quality of life, all to his damage.

FOR AND AS A SECOND CAUSE OF ACTION:

25.    Plaintiffs repeat each and every allegation contained in Paragraphs "1" through "20" above as if fully set forth herein.

26.    Defendant failed to construct, shore, equip, guard, arrange, operate or conduct the

area in which plaintiff John Gyllenhammer was performing construction work in such a manner as to provide reasonable and adequate protection and safety to persons employed thereat, all in violation of Section 241(6) of the Labor Law of the State of New York.

27.     The above-referenced fall was caused by said failure on the part of defendant.

28.     As a result of said failure on the part of defendant, plaintiff John Gyllenhammer has suffered the injuries referred to above and has experienced and will continue to experience a loss of wages, medical expenses, and pain and suffering and a diminution in the quality of life, all to his damage.

FOR AND AS A THIRD CAUSE OF ACTION:

29.     Plaintiffs repeat each and every allegation contained in Paragraphs "1" through "20" above as if fully set forth herein.

30.     Defendant failed to construct, equip, arrange, or conduct the area in which plaintiff John Gyllenhammer was engaged in his work in such a manner as to provide reasonable and adequate protection to the lives, health and safety of persons employed thereat, all in violation of Section 200(1) of the Labor Law of the State of New York.

31.     The above-referenced fall was caused by said failure on the part of defendant.

32.     As a result of said failure on the part of defendant, plaintiff John Gyllenhammer has suffered the injuries referred to above and has experienced and will continue to experience a loss of wages, medical expenses, and pain and suffering and a diminution in the quality of life, all to his damage.

-5-

FOR AND AS A FOURTH CAUSE OF ACTION:

33.    Plaintiffs repeat each and every allegation contained in Paragraphs "1" through "20" as if fully set forth herein.

34.    Said fall occurred through the negligence of defendant.

35.    As a result of said negligence on the part of defendant, plaintiff John Gyllenhammer has suffered the injuries referred to above and has experienced and will continue to experience a loss of wages, medical expenses, and pain and suffering and a diminution in the quality of life, all to his damage.

FOR AND AS A FIFTH CAUSE OF ACTION:

36.    Plaintiffs repeat each and every allegation contained in Paragraphs "1" through "20" as if fully set forth herein.

37.    As a result of the injuries suffered by plaintiff John Gyllenhammer, plaintiff Denise Gyllenhammer has suffered and will continue to suffer a loss of the services, companionship, and consortium of her husband, plaintiff John Gyllenhammer.

WHEREFORE, plaintiffs demand judgment against defendant in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and such other and further relief as the court deems proper.

Dated:  Binghamton, NY
        June /   2015

THE LAW OFFICE OF ALFRED PANICCIA, JR.

By:_____
        ALFRED PANICCIA, JR., ESQ.
        Attorneys for Plaintiffs
        Office and P.O. Address:
        Centre Plaza, Suite 400
        53 Chenango Street
        Binghamton, NY  13901
        Telephone:  607-724-2385

-6-