**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

—————————————————————————

JOHN GYLLENHAMMER and DENISE
GYLLENHAMMER,

Plaintiffs,

3:15-cv-01143 (BKS/DEP)

v.

THE AMERICAN NATIONAL RED CROSS,

Defendant.

—————————————————————————

**Appearances:**

*For Plaintiffs*:
Alfred Paniccia, Jr.
The Law Office of Alfred Paniccia, Jr.
Centre Plaza, Suite 400
53 Chenango Street
Binghamton, NY 13901

*For Defendant*:
Michael P. McClaren
Jeremy A. Colby
Webster Szanyi, LLP
424 Main Street
1400 Liberty Building
Buffalo, NY 14202

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

In this action, Plaintiffs John and Denise Gyllenhammer asserted claims under New York

Labor Law §§ 240(1) and 241(6) in connection with injuries that Mr. Gyllenhammer allegedly

sustained while performing work in Defendant American National Red Cross' office building on

June 27, 2012. (Dkt. No. 2). After a four-day jury trial in April 2018, the jury returned a verdict

finding that Plaintiffs failed to prove their claims by a preponderance of the evidence. (Dkt. No. 118). On October 16, 2018, the Court denied Plaintiffs' motion for a new trial and permitted Defendant to submit an amended motion for a bill of costs, (Dkt. No. 133), which is currently before the Court, (Dkt. No. 134). Plaintiffs oppose the motion. (Dkt. No. 135). For the following reasons, Defendant's motion is granted in part and denied in part.

## II.    APPLICABLE STANDARDS

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920," *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016), which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-0456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)).

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. Thus, to overcome the presumption that the prevailing party's costs will be awarded, the "'losing party [then] has the burden to show that costs should not be imposed' for equitable reasons, such as 'misconduct by the prevailing party, the public importance of the case, the difficulty of the

issues, or the losing party's limited financial resources.'" *Cohen*, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *3 (quoting *Whitfield*, 241 F.3d at 270). A court, however, "is not required to adjust or deny costs based on any of these reasons," *Caravalho v. City of New York*, No. 13-cv-4174, 2018 WL 5312886, at *3, 2018 U.S. Dist. LEXIS 184103, at *7 (S.D.N.Y. Oct. 26, 2018), and "[t]he decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court," *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

## III.    DISCUSSION

### A.    Plaintiffs' Objections to Individual Costs Submitted

Defendant seeks $9,629.91 in costs associated with defending this action.[1] (Dkt. No. 134, at 1). Plaintiffs dispute this amount, arguing that certain of the costs Defendant seeks are not taxable costs. (Dkt. No. 135-4, at 5–8).

#### 1.    Deposition Video and Fees

Plaintiffs first argue that Defendant is not entitled to the cost of recording Micah Champoux's deposition by video, (*id.* at 6–7), portions of which were played for the jury during trial. "[C]osts for deposition videos may be taxed when they are taken for use at trial and those videotaped depositions were taken in expectation of their use at trial." *Citigroup Glob. Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) (citing *In re Omeprazole Patent Litig.*, No. 03-cv-6057, 2012 WL 5427849, at *4, 2012 U.S. Dist. LEXIS 160046, at *18 (S.D.N.Y. Nov. 7, 2012); *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09-cv-8685, 2011 WL 2848644, at *4, 2011 U.S. Dist. LEXIS 77410, at *14 (S.D.N.Y. July 18, 2011)); *see also* N.D.N.Y. *Guidelines for Bills of Costs*, II(D)(1)(g) (including videotape depositions used at trial

---

[1] Defendant has withdrawn its request for $524.40 for costs related to subpoenas served on Joseph Loverro and Avis Lukac. (Dkt. No. 136, at 10).

in list of taxable fees). As Defendant points out, Mr. Champoux's deposition, taken in Washington State, was recorded by video in expectation that he would not testify live at trial. (Dkt. No. 136, at 11–12). Accordingly, the cost of the video of Mr. Champoux's testimony and the transcript of that testimony—which was necessarily obtained for use at trial—will be allowed.

Plaintiffs also object to Defendant's request of $500.25 in costs to edit the video for presentation of portions of Mr. Champoux's testimony to the jury. (Dkt. No. 135-4, at 8; Dkt. No. 134, at 39). The parties have not identified—and the Court is not aware of—any caselaw in this Circuit expressly addressing whether costs incurred in selectively editing video deposition testimony for jury presentation are taxable. At least one court, however, has excluded costs for synchronizing video with transcript text. *Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, No. 10-cv-401, 2015 WL 4774466, at *5, 2015 U.S. Dist. LEXIS 707478, at *17–18 (D. Conn. Aug. 13, 2015) (awarding costs for video deposition but finding that costs associated with synchronizing video with deposition transcript not taxable); *see also Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013) ("The cost of editing deposition videotapes into clips to be played at trial in lieu of live witness testimony is not taxable because it is a service in excess of the costs of making copies of the videotape and, further, is an expense incidental to trial preparation akin to preparing a witness for trial."); *J-Way Leasing, LTD v. Am. Bridge Co.*, No. 07-cv-3031, 2010 WL 816439, at *3, 2010 U.S. Dist. LEXIS 19390, at *8 (N.D. Ohio Mar. 4, 2010) (noting that, in the Sixth Circuit, "costs for video/audio synchronization represent a strategic choice by counsel on how to most persuasively present their case [and] not necessary to the presentation of the case") (internal quotation marks omitted). Since Defendant has not

addressed Plaintiffs' argument regarding the cost of editing, or its necessity in the case, the Court will deny that request for $500.25.

Finally, Plaintiffs object to various incidental fees and additional services included in Defendant's proposed bill of costs associated with the depositions of Micah Champoux, Dr. Thomas Van Gorder, and Thomas Rick. (Dkt. No. 135-4, at 7). A prevailing party is "ordinarily . . . permitted to recover costs for the original and one copy of [a] transcript[]." *C.C. ex rel. Camarata v. Polaris Indus., Inc.*, No. 14-cv-0975, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18 (N.D.N.Y. June 19, 2018). Stenographer fees are generally recoverable, *Hines v. City of Albany*, 862 F.3d 215, 219 n.2 (2d Cir. 2017), as are exhibit fees, because "exhibits are a necessary part of an original deposition transcript," *In re Omeprazole Patent Litig.*, 2012 WL 5427849, at *4, 2012 U.S. Dist. LEXIS 160046, at *18; *see* N.D.N.Y. *Guidelines for Bills of Costs*, II(D)(1)(h), (i) (listing "[c]ourt reporter fees for attendance and travel for depositions" and "copies of papers obtained as exhibits in the deposition" as taxable costs). Additional copies of transcripts, delivery fees, and items or services obtained solely for the convenience of counsel, such as word indexing, are generally disallowed. *See Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.*, 246 F.R.D. 154, 156 (W.D.N.Y. 2007); *Cutie v. Sheehan*, No. 11-cv-66, 2016 WL 3661395, at *5, 2016 U.S. Dist. LEXIS 86548, at *16 (N.D.N.Y. July 5, 2016); *see also* N.D.N.Y. *Guidelines for Bills of Costs*, II(D)(2)(d) (providing that "[c]ourt reporter postage or delivery charges for a transcript" are not taxable).

Accordingly, the Court disallows the following costs to which Plaintiffs object, and Defendant has not responded: the Champoux deposition "litigation package," "witness read and sign services," additional DVD video copies, "media and cloud services," and shipping fees; the Van Gorder deposition administration fee and e-transcript disk; and the Rick deposition "word

indexing" fee. (Dkt. No. 134, at 14–15). The condensed transcript of Thomas Rick is taxable, however, because it is the only additional copy of the deposition transcript for which Defendant seeks reimbursement. (Dkt. No. 134, at 17). Defendant's request for deposition costs and fees is therefore reduced by a total of $364.00.

### 2. Printing Costs

Plaintiffs further object to Defendant's request for costs associated with printing and trial exhibits totaling $1,696.90. (Dkt. No. 135-4, at 7). Defendant responds that "[t]hese costs include the trial binders provided as well as exhibits and trial submissions required by Order of this Court to be produced for the Court, opposing counsel, and the Red Cross." (Dkt. No. 136, at 12). Defendant's supporting documentation, however, does not indicate the content, purpose, or recipient of each printed document for which reimbursement is sought. (Dkt. No. 134, at 18–23). Because copies made solely for the convenience of counsel are not taxable costs, *see* N.D.N.Y. *Guidelines for Bills of Costs*, II(H)(1)(2)(a), the Court reduces the amount Defendant seeks for printing and trial exhibits by one-third, for a total deduction of $565.63.

On the other hand, Defendant's request for $798.01 in costs associated retrieval of copies of John Gyllenhammer's medical, employment, and income records are supported by thorough documentation. (Dkt. No. 134, at 24–32). Because these issues were likely to be or were directly at issue during trial, the Court is satisfied that these copies were "necessarily obtained for use in the case," and are therefore properly taxable, minus fees for shipping and handling. 28 U.S.C. § 1920. Accordingly, $34.66 is deducted from Defendant's proposed bill of costs.

### B. Plaintiffs' Good Faith and Financial Means

Plaintiffs further oppose Defendant's motion on the basis that an award of costs would be inequitable because: (i) they brought their claims in good faith and (ii) the disparity of resources between the parties militates against placing a "significant additional burden upon the already-

strapped Gyllenhammers," while denying Defendant's motion "will not further the charitable goals of the Red Cross." (Dkt. No. 135-4, at 5).

Plaintiffs' argument that an award of costs would be inequitable because the trial verdict "does not necessarily vindicate the Red Cross of all responsibility for what the Gyllenhammers have endured for the past six years," (Dkt. No. 135-4, at 5), is unpersuasive. "[G]ood faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs." *Whitfield*, 241 F.3d at 272–73; *see also Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03-cv-1298, 2005 WL 957389, at *2, 2005 U.S. Dist. LEXIS 7152, at *5 (S.D.N.Y. Apr. 25, 2005) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.").

A district court may exercise 'equitable discretion in awarding or denying costs" under Rule 54 and, as one of the factors, consider the "losing party's limited financial resources." *C.C. ex rel. Camarata*, 2018 WL 3031848, at *4, 2018 U.S. Dist. LEXIS 101785, at *9. However, "indigency *per se* does not automatically preclude an award of costs.'" *Williams v. Arctic Cat, Inc.*, No. 11-cv-445, 2014 WL 4105286, at *2, 2014 U.S. Dist. LEXIS 115502, at *6 (N.D.N.Y. Aug. 20, 2014) (quoting *Whitfield*, 241 F.3d at 269). And a losing party "relying on indigency must make a 'strong showing of financial hardship' before a court will decline to award costs." *Jackson v. Time Warner Cable Admin. LLC*, No. 16-cv-8639, 2018 WL 5729295, at *2, 2018 U.S. Dist. LEXIS 187901, at *3–4 (S.D.N.Y. Nov. 1, 2018) (quoting *Sims v. City of New York*, No. 08-cv-5965, 2011 WL 4801363, at *3, 2011 U.S. Dist. LEXIS 117000, at *7–8 (S.D.N.Y. Oct. 11, 2011)).

In this case, John Gyllenhammer's affidavit indicates that both Plaintiffs are employed and have an annual combined income of more than $90,000. (*See* Dkt. No. 135-3, ¶¶ 7–8, 16).

Although they assert that they owe a variety of debts, they also indicate that they own their home and four vehicles. (*Id.*, ¶¶ 14–16). They were represented by retained counsel. Plaintiffs have not documented an inability to pay costs; instead, they argue that an award of costs would be inequitable. Having thoroughly reviewed all of the submissions, the Court does not find that an award of costs in this case would be inequitable. As Defendant points out, Plaintiffs were aware of the risks of taking this case to trial and the amount sought is but a "small fraction of the costs incurred by the Red Cross" as a result of this litigation. (Dkt. No. 136, at 5). Accordingly, the Court declines to deny costs on the basis of Plaintiffs' financial resources. *Cf. Hickey v. City of New York*, 241 F.R.D. 150, 154 (S.D.N.Y. 2006) (awarding costs where plaintiffs, represented by retained counsel, did "not even assert actual indigency," but "simply assert[ed] that they cannot afford the costs" with no supporting documentation); *Hadid v. City of New York*, No. 15-cv-0019, 2018 WL 3999018, at *2, 2018 U.S. Dist. LEXIS 129234, at *7 (E.D.N.Y. July 31, 2018) (awarding costs where plaintiff "offer[ed] no evidence of a financial statement showing that he is unable to pay the Defendants' costs").

After deducting $1,464.54 in non-taxable expenses from the proposed bill of costs, Defendant is awarded a total of $8,165.37.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's amended motion for costs (Dkt. No. 134) is **GRANTED in part** to the extent that Defendant is awarded $8,165.37 in costs, but is otherwise **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: January 11, 2019
            Syracuse, New York

Brenda K. Sannes
U.S. District Judge